**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CESAR ERNESTO VILLALTA LARA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 3:26-cv-1082 |
| LEONARD ODDO, *et al.*, | ) | Judge Marilyn J. Horan |
| | ) | |
| Respondents. | ) | |
| | ) | |

## <u>ORDER</u>

Presently before the Court is Petitioner Cesar Ernesto Villalta Lara's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1), Respondents' Response in Opposition to Petition for Writ of Habeas Corpus (ECF No. 8), and Petitioner's Reply in Support (ECF No. 14). The petition is now fully briefed; and thus, ripe for disposition. Upon review of the parties' arguments, the Court will **DENY** the petition, without prejudice.

Petitioner is a "native and citizen of El Salvador[,]" who "entered the United States without inspection" in or around 2006. *See* ECF No. 8, p. 2; ECF No. 1, p. 9. On June 2, 2025, while he was on his way to work, Petitioner was arrested and detained by ICE officers. *See* ECF No. 1, p. 4. Although an immigration judge granted Petitioner's motion to suppress this arrest and subsequently terminated all removal proceedings on January 21, 2026, DHS appealed the order of termination to the Board of Immigration Appeals on February 18, 2026. *Id.* at 14-15. Thus, Petitioner remains in immigration custody at Moshannon Valley Processing Center pending future appellate decision. *Id.* at 4.

In his petition and subsequent reply, Petitioner asserts that he "does not challenge the statutory basis for his detention or seek a bond hearing under 8 U.S.C. § 1225 or § 1226[.]" *See*

ECF No. 14, p. 2.[1] Instead, he "challenges the constitutional validity of his year-long detention[,]" which is the result of "an egregious Fourth Amendment violation[;]" and thus, requests "immediate release" from detention.  *See id.*; ECF No. 1, p. 4.

In response, Respondents argue that Petitioner is subject to mandatory detention under 8 U.S.C. 1225(b), that his Fourth Amendment "claims are not cognizable in habeas[,]" and that "this Court lacks jurisdiction to consider them" under *Khalil v. President*, 164 F.4th 259 (3d Cir. 2026). *See* ECF No. 8, p. 1, 4.

Under § 1252(b)(9), the "[j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States[,]" must be raised in a petition for review of a final order, even if a petitioner must "wait to seek relief for allegedly unlawful government conduct." *See* 8 U.S.C. § 1252(b)(9); *Khalil*, 164 F.4th at 275. This ensures that "petitioners get only one bite at the apple[,]" and prevents "piecemeal litigation" from occurring simultaneously in various courts. *Khalil*, 164 F.4th at 275 (quoting *E.O.H.C. v. Sec'y United States Dep't of Homeland Sec.*, 950 F.3d 177, 184 (3d Cir. 2020)).

Here, Petitioner asks the Court to review the exact disputed legal issue which led to the termination of his removal proceedings and provided the basis for his suppression hearing before the immigration judge. *See generally* ECF Nos. 1; 1-6; 14. However, such review through a habeas petition is clearly prohibited by *Khalil*, due to the pendency of the claim before the Board of Immigration Appeals. *See Khalil*, 164 F.4th at 275; *see also* ECF No. 1, p. 14-15. If the Court were

---

[1] Because Petitioner specifically does not contest his own classification, the Court will not address whether he is properly subject to § 1225 or § 1226.

to address the validity of Petitioner's Fourth Amendment claim, it would likely influence later appellate proceedings, which is the exact situation that the Third Circuit in *Khalil* was trying to prevent. *See id.* ("With a final judgment in hand, the winning side could use issue preclusion or law of the case in the later PFR, leaving that court nothing to decide.").[2]

As such, following the precedent established in *Khalil*, the Court finds that it lacks the jurisdiction to consider Petitioner's Fourth Amendment claims. As those are the only claims made by Petitioner in his petition, the Court must deny the petition in its entirety without prejudice.[3]

**AND NOW** this 24th day of July 2026, it is hereby **ORDERED** as follows:

1. The Petition for Writ of Habeas Corpus, ECF No. 1, is **DENIED** without prejudice,

2. With no further action required by the Court at this time, the Clerk of Court shall mark this matter closed.

DATED: July 24 , 2026

Marilyn J. Horan
United States District Court Judge

---

[2] The Court finds Petitioner's cited case law largely unpersuasive. As recognized by our sister court in New Jersey, many of these cases are "distinguishable from the present circumstances[,]" because the petitioners were "not subject to mandatory detention pursuant to § 1225(b)." See *Noori v. Soto*, Civil Action No. 26-0951, 2026 WL 631642, at n.2 (D.N.J. Mar. 5, 2026) (discussing *Salazar v. Dedos*, No. 1:26-cv-00251, 2026 WL 555336, at *5-6 (D.N.M. Feb. 27, 2026)). This is a key difference because detention under § 1225(b) does not require a warrant (but detention under § 1226(a) generally does). *See* 8 U.S.C. § 1225(b); § 1226(a).

[3] The Court is sympathetic to the fact that Petitioner has been in detention for more than a year. However, the Court notes that the Third Circuit has long used *German Santos* and the Due Process Clause, not the Fourth Amendment, to evaluate claims of prolonged detention pending a final order of removal. *See generally German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203 (3d Cir. 2020); *see also Rashid v. Trump*, 807 F. Supp. 3d 349, 373 (D. Vt. 2025) (stating that a petitioner's "right to be free from unreasonably prolonged detention cannot come from both the Due Process Clause and the Fourth Amendment"). To the extent that Petitioner raises Fifth Amendment claims here, the Court finds them to be underdeveloped and only mentioned in passing citation to other cases.